UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 3:14-cr-00003-RLY-CMM-2 |
| vs. | ) | |
| | ) | |
| MYKALE DAVIS, | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION

On July 5, 2023, the Court held a final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on May 31, 2022 [Dkt. 493], September 2, 2022 [Dkt. 506] and November 3, 2022 [Dkt. 510]. Mykale Davis ("Defendant") appeared with FCD counsel, Leslie Wine. The Government appeared by Lauren Wheatley, Assistant United States Attorney. U. S. Probation appeared by Officer Andrea Hillgoth.

The Court previously conducted an initial appearance on the Petition filed May 31, 2022, on June 8, 2022, Docket No. [499]. The Court conducted an initial appearance on two other petitions subsequently filed by the Probation Office (filed September 2, 2022, and November 3, 2022).

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit Violation Numbers 1 -6 of petition Docket No. [493], Violation Numbers 7-8 of petition Docket No. [506] and Violation Number 9 of petition Docket No [510]. The parties also concurred that the

Defendant should be sentenced to a term of imprisonment of the maximum allowed under statutory guidelines, i.e., 24 months.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court previously had advised Defendant of his rights and provided him with a copy of the petition during the June 8, 2022, appearance. Defendant waived his right to a preliminary hearing at that time and today as well. The Court found probable cause to proceed on the Petitions.

2. The defendant was advised on June 8, 2022, and today, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the recommendation.

3. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violations No. 1 – 9.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
| --- | --- |
| 1. | "You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility." |
| | Mykale Davis was instructed to report to Volunteers of America (VOA) on May 24, 2022, by 2:00 pm. He failed to report to the facility until 3:30 pm. On May 25, 2022, Mykale Davis was given a pass to go to the emergency room. He left VOA at 10:30 am and returned at 4:30 pm. He was only at the hospital from 12:30-1:00 pm. His failure to report as instructed and his unaccountable time is in violation of the facility rules. |

2. "The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."

    As previously reported to the court, Mr. Davis was scheduled for weekly probation office appointments due to non-compliance. He failed to report on May 2, and 9, 2022.

3. "The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month."

    Mr. Davis failed to appear for a random urinalysis on May 13, 2022. As previously reported to the court, Mr. Davis also failed to report for a random drug test on the following dates: November 25, November 29, 2021, January 7, January 17, January 25, and March 7, 2022. He has also failed to attend substance abuse treatment. He is scheduled for bi-weekly appointments, but has not attended treatment since April 1, 2022.

4. "The defendant shall work regularly at a lawful occupation, unless excused by the probation officer..."

    As previously reported to the court, Mr. Davis' employment efforts have been very minimal. He is currently unemployed and has only worked approximately 4 days since March 18, 2022.

5. "The defendant shall notify the probation officer prior to any change in residence or employment."

    As previously reported to the court, from September 7, 2021, until November 5, 2021, Mr. Davis was not truthful with the probation office in regards to where he was residing. In November 2021, he eventually secured independent housing, but then allowed his father to move in sometime in February 2022, after his father was released from prison and without notifying the probation officer. Mr. Davis now admits the apartment is his fathers and he would not have housing if required to move.

6. "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."

        As previously reported to the court, on September 20, 2021, Mykale Davis tested positive for cannabinoids. When confronted, he admitted to using marijuana on September 11, 2021.

7. "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."

        On August 18, 2022, Mykale Davis submitted a urinalysis at Volunteers of America which tested presumptively positive for cannabinoids and benzodiazepines. When confronted, he denied use of any illegal substances. His urinalysis is still pending confirmation.

8. "You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."

        On August 31, 2022, Mr. Davis left Volunteers of America on an employment pass. He has not returned to the facility and is considered to have absconded. He has been terminated and discharged from the facility.

9. "The defendant shall not commit another federal, state, or local crime."

        On October 12, 2022, Mykale Davis was arrested in Vanderburgh County, Indiana, case number 82C01-2210-F5-6146, for Ct. 1: Operating a Motor Vehicle After Forfeiture of License for Life, Level 5 Felony, Ct. 2: Resisting Law Enforcement, Level 6 Felony, Ct. 3: Criminal Recklessness, Level 6 Felony, and Ct. 4: Striking a Law Enforcement Animal, Class A Misdemeanor.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **B** violation.

    (b) Defendant's criminal history category is **V**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **18-24** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

  (a) The Defendant violated the supervised release condition as alleged in Violations 1 - 9;

  (b) The Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 24 months, and further recommends placement at FCI Oakdale, Louisiana (per Defendant's request citing interest in a drug addiction rehabilitation program offered at that facility). Consistent with the parties' agreement, the extension of the previously ordered supervised release for 18 months will follow release from BOP;

  (c) The admitted violations have been both frequent and serious over an extended period of time. The defendant's flight from law enforcement officers—occurring after the parties had reached a tentative and generous agreement after the first petition was filed—created a dangerous situation and can only be described as reckless. The defendant has had multiple opportunities to comply with drug treatment and permitted to manage his life outside of confinement—all of which have failed to date.

  (d) Under the circumstances, the parties' agreement is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge with the Magistrate Judge's recommendation for sentencing.

  Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

  The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated:  July 5, 2023

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email generated by the court's ECF system